UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **ROBERT HEILMAN**, | Civil Case No. 3:11-CV-00594-KI |
| Plaintiff, | OPINION AND ORDER ON DEFENDANTS' SECOND MOTION FOR SUMMARY JUDGMENT |
| v. | |
| **RICK COURSEY, EOCI Supt.; DOUG HARDER, EOCI, Assist. Supt.; EOCI Cpt. DAHL; EOCI CO. BRANSTETTER; EOCI CO. LOWE**, | |
| Defendants. | |

Judy Snyder
Law Offices of Judy Snyder
1000 SW Broadway, Suite 2400
Portland, OR 97205

    Attorney for Plaintiff

Page 1 - OPINION AND ORDER ON SECOND MOTION FOR SUMMARY JUDGMENT

Ellen F. Rosenblum
Attorney General
Michael R. Washington
Senior Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096

    Attorneys for Defendants

KING, Judge:

Plaintiff Robert Heilman, now represented by an attorney, brings a civil rights action against several Oregon Department of Corrections ("ODOC") officers regarding his treatment while a prisoner at the Eastern Oregon Correctional Institution ("EOCI") in Pendleton, Oregon. Before the court is defendants' second Motion for Summary Judgment [77]. For the following reasons, I deny the motion in part and grant it in part.

## UNDISPUTED FACTS

Plaintiff was incarcerated at all times material to the allegations in his Complaint at EOCI. He alleges defendants violated his Eighth Amendment rights when they ignored his safety concerns, housed him (as a sex offender) with gang members, and allowed two inmates to enter his cell and assault him to the point of unconsciousness.

I extensively laid out the relevant facts in the Opinion and Order issued on March 23, 2012 ["O&O" docketed at ECF 57]. In that O&O, I concluded defendants were not entitled to summary judgment.

**LEGAL STANDARDS**

Summary judgment is appropriate when there is no genuine dispute as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(a). The initial burden is on the moving party to point out the absence of any genuine issue of material fact. Once the initial burden is satisfied, the burden shifts to the opponent to demonstrate through the production of probative evidence that there remains an issue of fact to be tried. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). On a motion for summary judgment, the court "must view the evidence on summary judgment in the light most favorable to the non-moving party and draw all reasonable inferences in favor of that party." Nicholson v. Hyannis Air Serv., Inc., 580 F.3d 1116, 1122 n.1 (9th Cir. 2009) (citation omitted).

**DISCUSSION**

Plaintiff brings a claim under 42 U.S.C. § 1983 against several prison officials based on alleged Eighth Amendment violations. Plaintiff's theory is that in allowing him to be assaulted, defendants have violated his constitutional right to be free from cruel and unusual punishment.

I.      Supervisory Involvement

Defendants again argue, as they did in their first motion for summary judgment, that plaintiff's claims against the supervisory employees Rick Coursey, Superintendent of EOCI, and Doug Harder, Executive Assistant to the Superintendent, must fail. As I described at length in the first O&O, while there is no *respondeat superior* liability under section 1983, Monell v. N.Y.C. Dep't of Soc. Servs., 436 U.S. 658, 691-94 (1978), an official may be personally liable if the official devised or implemented a facially unconstitutional policy. Redman v. Cnty. of San

Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (supervisory liability possible if policy is a "repudiation of constitutional rights" and is "the moving force of the constitutional violation").

Plaintiff alleges:

> The failure of Defendant Coursey and Harder to act on substantial risk of harm, that was inevitable by allowing placement of sex offenders and gang members together, to Plaintiff violated his Eighth Amendment right to be free from deliberate indifference to his safty [sic].
>
> As a result of Defendant Coursey's and Harder's failures, Plaintiff was viciously beaten and received serious physical and emotional injuries.

Compl. 14. Plaintiff further explained in his *pro se* response during the first round of summary judgment briefing that he alleges Coursey and Harder failed to develop policies to protect inmates.

Defendants now focus their summary judgment on this allegation, arguing that plaintiff does not "identify any policy implemented or established by Coursey or Harder that *ordered* placing sex offenders with gang members." Defs.' Mem. 6 (emphasis added). Defendants also argue plaintiff does not show Coursey and Harder had "an opportunity to evaluate any risk due to the lack of a policy" and plaintiff "failed to provide Coursey or Harder with any specific evidence that he was being threatened or placed at risk by gang members." Id.

Plaintiff, through counsel, now presents the deposition testimony of Coursey, Harder, and others, in which the officers agree sex offenders can be vulnerable, they are often targeted, are more vulnerable to extortion, and that there are no policies in place to govern the assignments of inmates to protect them from gang members. Here, it is reasonable to maintain Coursey in this

lawsuit since Coursey, as the head administrator of EOCI, could have developed policies to protect plaintiff and inmates like him.[1]

Defendants do not move for summary judgment on the theory that Harder had no policy-making responsibilities, and I have no information in the record about the extent of his responsibilities. He testified to being involved in management discussions about housing sex offenders with gang-affiliated inmates, he attended weekly special needs meetings regarding segregation of inmates, and he "often represented the eyes and ears of the Superintendent." Harder Dep. 18:4-5. At this point, I do not dismiss Harder from the case.

II.    Eighth Amendment Violation

As I set forth in the previous Opinion and Order, the treatment a prisoner receives in prison and the conditions of his confinement are subject to scrutiny under the Eighth Amendment. Helling v. McKinney, 509 U.S. 25, 31 (1993). A prisoner may state a section 1983 claim under the Eighth Amendment against prison authorities who act with deliberate indifference to the threat of serious harm or injury by another prisoner. Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir. 1986). An Eighth Amendment claim must satisfy both an objective and subjective inquiry. Lopez v. Smith, 203 F.3d 1122, 1132-33 (9th Cir. 2000).

Defendants suggest plaintiff has failed to meet the objective prong–a "sufficiently serious" deprivation–but they misunderstand the focus of this inquiry by arguing plaintiff failed to identify any of the inmates threatening him. See Wilson v. Seiter, 501 U.S. 294, 297-98 (1991) (question is whether plaintiff alleged sufficiently serious deprivation). Here, plaintiff

---

[1] A case, in which defendant Coursey is named, involving a similar allegation is currently pending before the District of Oregon. See Chandler v. Williams, No. CV-08-962-ST (D. Or. Dec. 4, 2012) (Findings & Recommendation).

Page 5 - OPINION AND ORDER ON SECOND MOTION FOR SUMMARY JUDGMENT

alleges he was actually assaulted to the point of unconsciousness by other inmates, and defendants present no evidence calling his allegation into question. Plaintiff has presented sufficient evidence on the first prong to survive summary judgment. See Farmer v. Brennan, 511 U.S. 825, 845 (1994) (plaintiff beaten and raped by another inmate was sufficiently serious deprivation; indeed, prisoner need not "await" an "actual assault before obtaining relief").

Defendants also question whether plaintiff has produced sufficient evidence to demonstrate defendants "kn[e]w of and disregard[ed] an excessive risk to inmate health or safety[.]" Id. at 837. Defendants initially suggest they could not have been deliberately indifferent to plaintiff's fears of injury when plaintiff never identified the inmates threatening him. Defendants cite no case for the proposition that such detail is necessary, and at least one officer testified that a basic investigation can be undertaken by speaking with officers assigned to the unit when an inmate is loathe to give names. Hogeland Dep. 20:23-21:4. He could not say whether that was done in plaintiff's case. Furthermore, although Officer Branstetter testified plaintiff never identified the inmates threatening him, plaintiff testified in his declaration that he did in fact repeatedly identify his tormenters to Officer Branstetter.

Additionally, plaintiff has attested he told Captain Dahl that gang members told him he was not wanted and he needed to be moved. Captain Dahl responded that plaintiff needed to return to his assigned unit or go to segregation. Heilman Decl. Ex. 1, at 7. Segregation means an inmate remains in his cell at least 23 hours a day; if an inmate chooses segregation, he is charged with misconduct and loses accumulated good behavior credits. Although jurors may come to the conclusion that Captain Dahl was not sufficiently aware of the risk plaintiff faced, plaintiff has at

least raised a material issue of fact as to whether Captain Dahl was deliberately indifferent to plaintiff's safety.

Finally, the officer working the housing unit when plaintiff was attacked was Officer Lowe. There is no allegation or evidence Officer Lowe knew plaintiff, knew about the threats to plaintiff, and consciously disregarded those threats when he let the inmates into plaintiff's cell.[2] As a result, plaintiff cannot show Officer Lowe knew of and disregarded a substantial risk of serious harm to plaintiff. Officer Lowe is dismissed with prejudice. See Berg, 794 F.2d at 460 (dismissing officers when plaintiff could not show they had "any reason to believe [plaintiff] would be attacked").

In sum, plaintiff has demonstrated a triable issue exists as to whether Officer Branstetter and Captain Dahl consciously disregarded a substantial risk of serious harm to plaintiff. Officer Lowe is dismissed with prejudice.

III.    Qualified Immunity

Defendants move again for summary judgment arguing they are entitled to qualified immunity. Since I have concluded above that plaintiff raises a genuine issue of material fact from which a reasonable juror could conclude defendants violated his Eighth Amendment rights, I address the second question–whether the law governing the constitutional right is clearly established. "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in

---

[2]The evidence submitted by plaintiff during the first round of summary judgment was that it was common for inmates to call out which cell doors they wanted opened and Officer Lowe reported that if he opened the door it was only during the towel exchange that afternoon. He did not intentionally let anyone in the wrong cell. See Pl.'s Excerpt of Record [30-1].

the situation he confronted." Saucier v. Katz, 533 U.S. 194, 202 (2001). Defendants contend no reasonable officer would think his conduct unlawful when the inmate refuses to tell officers which inmates are engaging in threatening behavior, thereby precluding officials from undertaking an investigation. As I indicated above, however, at least one correctional officer agreed a basic investigation could be conducted, even without names, and, furthermore, plaintiff has testified he identified his extorters. Defendants are not entitled to qualified immunity.

## CONCLUSION

Defendants' Motion for Summary Judgment [77] is denied in part and granted in part. Officer Lowe is dismissed with prejudice. The remaining defendants should be prepared for trial on April 16, 2013.

IT IS SO ORDERED.

DATED this    6th    day of February, 2013.


　　　　　　　　　　　　　　　　　　　　/s/ Garr M. King
　　　　　　　　　　　　　　　　　　　　Garr M. King
　　　　　　　　　　　　　　　　　　　　United States District Judge