UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**ROBERT HEILMAN**,                                    Civil Case No. 3:11-CV-00594-KI

                Plaintiff,                          OPINION AND ORDER
                                                       DISMISSING SUPERINTENDENT
   v.                                               COURSEY

**RICK COURSEY, EOCI Supt.; DOUG
HARDER, EOCI, Assist. Supt.; EOCI
Cpt. DAHL; EOCI CO. BRANSTETTER,**

             Defendants.


     Judy Snyder
     Law Offices of Judy Snyder
     1000 SW Broadway, Suite 2400
     Portland, OR 97205

          Attorney for Plaintiff


Page 1 - OPINION AND ORDER DISMISSING SUPERINTENDENT COURSEY

Ellen F. Rosenblum
Attorney General
Michael R. Washington
Heather Van Meter
Senior Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096

      Attorneys for Defendants

KING, Judge:

      Plaintiff brings two claims under 42 U.S.C. § 1983 against three prison officials based on alleged Eighth Amendment violations.  Defendants moved to dismiss Superintendent Coursey during the pretrial conference, which I deferred.  I now issue this order dismissing Superintendent Coursey with prejudice.

      As relevant to this order, plaintiff alleges Superintendent Rick Coursey's failure "to act on substantial risk of harm[] that was inevitable by allowing placement of sex offenders and gang members together . . . violated [plaintiff's] Eighth Amendment right to be free from deliberate indifference to his [safety]."  Compl. 14.  At the pretrial conference, plaintiff's counsel clarified the claim against Superintendent Coursey as follows:  the superintendent knows inmates convicted of sex offenses are vulnerable to Security Threat Groups ("STGs"), but failed to enact a policy directing sex offenders be housed in cell blocks imposing minimal interaction with STGs.

      In their motions in limine, defendants move to dismiss Superintendent Coursey arguing: (1) the allegations "essentially challenge state statutes and administrative rules, and ODOC policies with respect to inmate housing" when Superintendent Coursey has no responsibility for

Page 2 - OPINION AND ORDER DISMISSING SUPERINTENDENT COURSEY

these existing policies; (2) Superintendent Coursey had no involvement in the events leading up

to plaintiff's assault; (3) plaintiff cannot show a link between Superintendent Coursey's act or

omission and plaintiff's constitutional violation.  Defs.' Mot. in Limine 4-5.

      "A supervisor may be liable if there exists either (1) his or her personal involvement in

the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's

wrongful conduct and the constitutional violation." Redman v. Cnty. of San Diego, 942 F.2d

1435, 1446 (9th Cir. 1991) (en banc).  "Supervisory liability exists even without overt personal

participation in the offensive act if supervisory officials implement a policy so deficient that the

policy itself is a repudiation of constitutional rights and is the moving force of the constitutional

violation." Id.  Under this theory of supervisory liability, plaintiff must demonstrate

Superintendent Coursey "breached a duty to plaintiff which was the proximate cause of the

injury." Id. at 1447.  Plaintiff can meet his burden on causation by offering evidence

Superintendent Coursey "set[] in motion a series of acts by others which [he] knows or

reasonably should know would cause others to inflict the constitutional injury." Id.

      When determining whether a sufficient causal connection exists between a supervisory

defendant's acts or omissions and alleged violations of a prisoner's Eighth Amendment rights,

the "inquiry into causation must be individualized and focus on the duties and responsibilities of

each individual defendant whose acts or omissions are alleged to have caused a constitutional

deprivation," especially when a prisoner seeks damages against individual prison officials. Leer

v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).  Here, plaintiff is not suing Superintendent

Coursey in his official capacity, but in his individual capacity.

      Plaintiff intends to offer the following testimony from Superintendent Coursey:

Page 3 - OPINION AND ORDER DISMISSING SUPERINTENDENT COURSEY

Superintendent Coursey is expected to testify consistent with his testimony at deposition on August 6, 2012.  He has been Superintendent at EOCI since August of 2008.  He is responsible for enforcing Oregon Department of Corrections ("DOC") policies and for developing policies within EOCI.  He relies on the Assignment Office staff to place inmates within the various units in EOCI.  The policies of EOCI require the Assignment Lieutenant to document and investigate, or to delegate the investigation of inmate reports of extortion or threats of physical harm.  For Security Threat Management ("STM") purposes, inmates are targeted based on their threat behavior.  EOCI has no internal policies, rules or procedures that govern the housing of inmates who are members of STGs or sex offenders which specifically address the protection and management of inmates affiliated with gangs or STGs.  Supt. Coursey became aware of the events involving Mr. Heilman only after the assault occurred in January of 2010.

Pl.'s Witness List 3.  Superintendent Coursey is generally "responsible for the safe and orderly operation of EOCI[.]"  Pl.'s Trial Ex. 49.

Plaintiff alleges he was housed with gang members and when he complained about their threatening behavior toward him, Correctional Officer Branstetter and Captain Dahl did nothing to investigate or remedy the situation.  Even assuming a jury could conclude Superintendent Coursey was aware of the vulnerability of some sex offenders (referring to plaintiff's witness summaries indicating Superintendent Coursey's staff were aware of the issue) and that Superintendent Coursey had authority to change the housing assignment practices at EOCI, plaintiff's claim fails as a matter of law.  Superintendent Coursey did not know gang members had threatened plaintiff and did not know plaintiff had reported threats to the correctional officers.  Furthermore, and importantly, there is no dispute Superintendent Coursey *expected* his staff to investigate such reports.  Rather, plaintiff's claim is simply that Superintendent Coursey is aware of a systemwide problem in safely housing sex offenders and has failed to rectify that problem.

Page 4 - OPINION AND ORDER DISMISSING SUPERINTENDENT COURSEY

As I indicated above, however, § 1983 liability involves either "personal involvement" of each defendant or a "causal connection" between the wrongful conduct and the deprivation. Plaintiff's allegation and evidence that Superintendent Coursey was employed as the superintendent of the facility and was acting within the scope of his employment is insufficient to show either personal involvement or a causal connection between Superintendent Coursey's acts or omissions and the constitutional deprivation. Indeed, plaintiff attempts to hold Superintendent Coursey liable due to his position as head administrator at the prison, and not because of any involvement in the violation of plaintiff's rights. Cases holding supervisors liable for insufficient policies also involve allegations that the head administrator knew the plaintiff faced a risk of harm, but placed him in the facility anyway, or knew about unconstitutional acts of subordinates and did nothing to stop them. Redman, 942 F.2d at 1446-47 (evidence an assaultive inmate would normally be isolated, but overcrowding made this impossible); Starr v. Baca, 652 F.3d 1202, 1208 (9th Cir. 2011) (numerous allegations that the U.S. Department of Justice gave sheriff notice of pattern of unconstitutional behavior). Unlike in Redman and Starr, plaintiff has no evidence Superintendent Coursey received notice of assaults by gang members on sex offenders, and was deliberately indifferent despite the notification. The connection between any errors on Superintendent Coursey's part and plaintiff's specific injuries is too remote to support individual liability for damages. For the foregoing reasons, I grant defendants' Motion in Limine and dismiss Superintendent Coursey with prejudice.

To avoid confusing the jury, the caption of the case will be: Robert Heilman v. EOCI Cpt. Dahl and EOCI CO. Branstetter.

In preparation for trial on Tuesday, April 16, the Court requests counsel consider their respective witness lists and e-mail pamela_cooney@ord.uscourts.gov identifying the witnesses they will *not* be calling given the Court's ruling above, by noon on Monday, April 15.

Additionally, the Court requests counsel notify the Court of any stipulations they have reached.

IT IS SO ORDERED.

DATED this _____12ᵗʰ_____ day of April, 2013.


                              /s/ Garr M. King_____
                              Garr M. King
                              United States District Judge